# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIEN M. NGUYEN, | 1:08-cv-01571-BAK-GSA HC |
| | |
| | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 14) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| v. | ORDER DISCHARGING ORDER TO SHOW CAUSE DATED NOVEMBER 3, 2008 (Doc. 10) |
| ATTORNEY GENERAL, et al., | |
| Respondents. | |

## PROCEDURAL HISTORY

At the time the petition was filed, Petitioner was being detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and was proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes on October 20, 2008. (Doc. 5).

In the petition filed on October 20, 2008, Petitioner alleges that he is a native of Vietnam and subject to a final order of removal to that country. (Doc. 1, p. 3). He also alleges that he has been in

the custody of ICE since April 21, 2008. (Id.). Petitioner contends that Respondent has been unable to obtain travel documents for Petitioner's removal to Vietnam and that he has "received no indication that the Petitioner's country will acquiesce to repatriation in the reasonably foreseeable future." (Id.). Petitioner alleges that his continued detention pursuant to 8 U.S.C. § 1231(a)(6) violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, p. 4). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id.).

On September 16, 2009, Respondent filed the instant motion to dismiss on the grounds that Petitioner was successfully removed to Vietnam on January 12, 2009, thus making any habeas claim of unlawful detention moot. (Doc. 14). Attached to the motion to dismiss is an exhibit that is a copy of a "ICE DACS Custody Screen," indicating that Petitioner was removed to Vietnam on January 12, 2009. (Doc. 14, Attach. A). .

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, the only issue properly before this Court is the constitutionality of Petitioner's ongoing detention by Respondent, and the only relief which Petitioner seeks and which the Court could afford to Petitioner in these proceedings is an order releasing him from custody, in the event that the Court were to determine that his continued detention by ICE is indeed unlawful.[2]

The document submitted by Respondent establishes that Petitioner was removed to Vietnam, and hence released from Respondent's custody, on January 12, 2009. (Doc. 14, Attach. A). As mentioned, the only relief the Court can afford Petitioner in these proceedings is release from custody, a fact that has now occurred independent of any action by this Court. Since there is no further relief that the Court can afford Petitioner, Respondent's motion to dismiss for mootness is GRANTED and the Petition is DISMISSED for failure to state a claim upon which habeas relief can be granted.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Respondent's Motion to Dismiss (Doc. 14), is GRANTED;
2. The Order to Show Cause dated November 3, 2008 (Doc. 10), is DISCHARGED;
3. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED as MOOT for failure to state a claim upon which habeas relief can be granted; and,

---

[2] On May 11, 2005, Public Law 109-13 was enacted. Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows: "Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)

The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Thus, unlawful detention is the only issue this Court has jurisdiction to consider under RIDA. If Petitioner wishes to challenge the final order of removal, his only remedy is to file a petition for review in the United States Court of Appeals for the Ninth Circuit.

4.  The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated:   September 17, 2009**                              /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE